[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE; MOTION TO STRIKE
The facts as alleged in the substituted complaint are as follows. The plaintiffs, Jonathan Walston III and Leah Walston, resided at 48 Meadow Street in Guilford, Connecticut, from 1947 to 1968 and from 1971 to 1983. The plaintiffs owned the property from 1975 to 1983. During such time, the defendants, Connecticut Light and Power Company ["CL P"] and Northeast Utilities, owned and operated electrical equipment and facilities, including an electrical substation, on Meadow Street close to the plaintiffs' home. The substation allegedly emitted electromagnetic radiation onto the plaintiffs' property, to which the .plaintiffs were exposed. As a result of such exposure, the plaintiffs claim injury.
Plaintiffs' substituted complaint, dated October 29, 1993, contains eleven counts. Counts nine and ten allege violation of the Connecticut Unfair Trade Practices Act ["CUTPA"]. The defendants filed a motion to strike, dated November 18, 1993, claiming that said counts fail to sufficiently allege a claim under CUTPA. Specifically, the defendants assert that the plaintiffs have failed to allege that they suffered a consumer injury.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Id., 108. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The court must construe the pleading "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407. 4-8, 551 A.2d 738 (1988). Where the fact provable under the allegations of the pleading would not CT Page 2824 support a cause of action, the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
General Statutes 42-110b provides, in pertinent part, that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes 42-110b(a). In determining whether a practice violated CUTPA, the courts employ the following criteria:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers. . . .
(citations omitted; internal quotation marks omitted.) A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215, 579 A.2d 69
(1990). "`All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because to the degree to which it meets one criteria or because to a lesser extent it meets all three.'" (Citations omitted.) Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80, 106, 612 A.2d 1130
(1992). "`Thus, a violation of CUTPA may be established by showing an actual or deceptive practice . . . or a practice amounting to a violation of public policy." (Citations omitted.) Id.
With respect to the third criterion, the supreme court has stated:
 "[`]The independent nature of the consumer injury criterion does not mean that every consumer injury is legally "unfair," however. To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided.'"
(Citations omitted.) Id., 113. In the ninth and tenth counts, the CT Page 2825 plaintiffs allege that they are members of the consuming public to whom the defendants represented "that the electricity sold to consumers and transmitted in their powerlines and substations did not create a hazard to human health through an increased risk of cancer or other disease." (Plaintiff Substituted Complaint, Count 9, 11-14; Count 10, 11-14.
In order for a representation robe unlawfully deceptive, "the CUTPA plaintiff need not prove reliance or that the representation became part of the basis of the bargain, but he is required to prove that he sustained `an ascertainable loss.'" Zoological and Ecological Research Foundation, Inc. v. Crabtree-Haas Imports, Inc., 7 CSCR 1144, 1145 (September 16, 1992, Katz, J.). "Ascertainable loss has been defined to embrace `[w]henever a consumer has received something other than what he bargained for. . . . In one sense the buyer has lost the purchase price of the item because he parted with his money reasonably expecting to receive a particular item or service. When the product fails to measure up, the consumer has been injured; he has suffered a loss. . . .'" Id., quoting Henchliffe v. American Motors Corp.,184 Conn. 607, 614, 440 A.2d 810 (1981).
The plaintiffs allege that they "lived in close proximity to the powerlines and substation on Meadow Street which resulted in substantial personal and financial injury to him." (Plaintiffs' Substitute Complaint, Count 9, 14; Count 10, 14). Such allegations, however, do not show that the plaintiffs suffered a loss from the distribution or sale of electricity to them. See Walston v. Northeast Utilities, Superior Court, judicial district of New Haven, Docket No. 32 74 41, p. 3 (October 21, 1993, Gordon, J.).
The plaintiffs have failed to allege a consumer injury for which they can seek redress under CUTPA. Accordingly, the defendants' motion to strike counts nine and ten is granted.
Martin, J.